Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

FILED'11 JAN 03 11:18USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL SALZER,<br><br>Plaintiff,<br><br>vs.<br><br>GRIGGS & ASSOCIATES LLC and; JOHN DOE AKA, CHIEF INVESTIGATOR VALDALL; AND JANE DOE, AKA AMAYA SMITH, AND JEANILLE LANIER GRIGGS<br><br>Defendant | Case No.: **CV'11 - 07 BR**<br><br>**COMPLAINT**<br><br>Unfair Debt Collection Practices;<br><br>Violation of 15 USC § 1692 (FDCPA)<br><br>Jury Demand |

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive, deceptive and unfair debt collection practices.

2. Plaintiff's claims arise from defendants attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

**JURISDICTION**

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

37899

COMPLAINT - 1

4. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

5. Plaintiff Michael Salzer is a natural person who resides in the city of Portland, Washington County and the State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

6. The debt is alleged by defendants to be a payday loan incurred by plaintiff. Plaintiff has no information about the debt other than defendants claim it is a delinquent payday loan. If it is a debt owed by plaintiff then plaintiff has never borrowed money for any purpose other than household, personal or family purposes and the debt is a consumer debt as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant Griggs & Associates LLC. (hereinafter "Griggs LLC") is a limited liability company organized under Georgia law and does business in Oregon. Defendant Griggs LLC's principal place of business is located at an unknown location in Austell or Kennesaw Georgia according to the Georgia secretary of state. Plaintiff believes he will have evidentiary support after a reasonable opportunity for further investigation and discovery, that Griggs & Associates LLC is the alter ego of Jeanille Lanier Griggs, a natural person and sole member of Griggs & Associates LLC (hereinafter "Griggs") who operates at an address of 3090 Cambrian Terrace Austell GA 30106 or 2847 Veterans Memorial HWY 205 and that Griggs LLC is undercapitalized and an injustice would result if Griggs is not held accountable for the actions of Griggs LLC.

8. Defendant John Doe, aka, Chief investigator Valdall (hereinafter, "Valdall") is a natural person who does debt collection for Griggs LLC. Valdall's address is unknown.

9. Jane Doe, aka Amya Smith (hereinafter "Smith") is a natural person who does debt collection for Griggs LLC. Smith's address is unknown.

10. Griggs LLC, Smith and Valdall (hereinafter, "defendants") use the instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

11. Defendants use the instrumentality of interstate commerce to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due others.

12. Defendants contacted plaintiff on or around November of 2009 by phone to collect on an alleged pay day loan allegedly loaned by Ace Cash Express. They continued to call him multiple times a week up to November 15th, 2010. At no time did the defendants' inform plaintiff that defendant's were a debt collector calling to collect a debt and that the information obtained would be used for the purposes of collecting a debt.

13. Defendants falsely stated in the phone calls that plaintiff committed check fraud and was in imminent danger of being arrested by police unless he paid the debt. Defendants implied that they would take legal action to collect this debt including reporting plaintiff to the Oregon Attorney General's office and that he would be subject to possible criminal action.

14. These repeated false statements caused plaintiff emotional distress which physically disrupted his sleep and his ability to perform work, personal and social tasks and have created anxiety, anger, ocular migraines which caused plaintiff to miss work and distracted him from his duties at work..

15. Defendants refused to respond to plaintiff's written dispute of the debt that plaintiff sent by certified mail return receipt requested on January 16th 2010. The letter was returned unopened on March 1st to plaintiff. Defendants did provide plaintiff with the name of the

alleged original creditor, an account number and a balance on February 1, 2010 in reply, sent by "Walter," to an email sent to Griggs LLC by plaintiff. Plaintiff submitted an email in response to that email disputing the debt and requested documentation of the debt. Defendants continued to collect on the debt without responding to that dispute.

## FIRST CLAIM FOR RELIEF

16. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The attempt to collect a consumer debt, by making false statements about the debt and threatening or insinuating criminal prosecution, is an unfair and deceptive practice and a violation of multiple provisions of the Fair Debt Collection Practices Act, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

18. Defendants' failure to identify themselves as debt collectors is a violation of 15 U.S.C. § 1692b(1).

19. Defendants' failure to provide plaintiff a thirty day validation notice within five days of the initial communication is a violation of 15 U.S.C. § 1692g. Failure to respond to a dispute of the debt by the plaintiff or to cease collecting on the debt after plaintiff disputed the debt without responding to the dispute is a violation of 15 U.S.C. § 1692g(b).

20. As a result of each and every Defendants' violation of the FDCPA, Plaintiff has statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

21. Actual damages to be determined pursuant to 15 U.S.C. § 1692k(a)(1).

22. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every defendant;

- for an award of actual damages to be determined pursuant to 15 U.S.C. §1692k(a)(1) against each and every defendant

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every defendant;

Dated this December 29th, 2010

Bret Knewtson, OSB 03355