IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MICHAEL SALZER,                          3:11-CV-007-BR

      Plaintiff,

                                                OPINION AND ORDER

v.

GRIGGS & ASSOCIATES LLC and
JEANILLE LANIER GRIGGS,

      Defendants.


**BRET A. KNEWTSON**
3000 N.W. Stucki Place, Suite 230 M
Hillsboro, OR 97124
(503) 846-1160

      Attorney for Plaintiff

**JEANILLE LANIER GRIGGS**
329 Patchen Avenue, Suite 3C
Brooklyn, NY 11233-2135
(718) 953-8597

      Defendant, *Pro Se*


1 - OPINION AND ORDER

**BROWN, Judge.**

   This matter comes before the Court on Plaintiff Michael Salzer's Motion (#34) for Attorney Fees.  For the reasons that follow, the Court **GRANTS in part** Plaintiff's Motion (#34) and awards attorney's fees to Plaintiff in the amount of **$8,195.00**.


### BACKGROUND

   On January 3, 2011, Plaintiff filed his Complaint in this Court seeking damages for alleged violations of the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, by Defendant Griggs & Associates, LLC, and Defendant Jeanille Lanier Griggs.  On May 31, 2011, Plaintiff filed Affidavits of Service (#5, #6) as to both Defendants.  Neither Defendant filed a timely appearance.

   On July 11, 2011, Plaintiff moved for Entry of Default. Because Defendants failed to appear, the Court granted Plainitff's Motion for Entry of Default against Defendants on August 26, 2011.

   On September 30, 2011, Plaintiff moved for a Default Judgment seeking $22,000 in actual damages against both Defendants jointly and severally, statutory damages of $1,000 for each Defendant, and attorney's fees and costs.  On October 6, 2011, the Court issued the following Order (#24):

   The Court has completed its consideration of

2 - OPINION AND ORDER

> Plaintiff's Motion (#17) for Judgment (Default) and Plaintiff's supporting papers (#18, #19, #20, #21, #22, and #23). Based on the record, the Court finds Plaintiff is entitled to judgment against Defendants Jeanille Lanier Griggs and Griggs & Associates as follows: for actual damages of $20,000 against both Defendants jointly and severally and for $1,000 statutory damages against each Defendant. Plaintiff's counsel shall prepare and submit to the Court for its review an appropriate form of Judgment specifying the awarded damages as set out herein. With respect to Plaintiff's request for attorneys' fees and costs, the Court notes again (see Order #13) that in order for the Court to consider such a request, Plaintiff must file a separate Motion pursuant to Federal Rule of Civil Procedure 54(d) and provide the information specified in the court's policies at http://ord.uscourts.gov/court-policies/message-from-the-court-regarding-fee-petitions. The current filings do not include any statement of counsel's experience; a comparison of counsel's hourly rate to the Oregon Economic Survey rates; a calculation of the applicable lodestar; and, based on such data, an argument supporting a conclusion that the hourly rate sought is reasonable and the time spent on each task also was reasonable. For example, the Court notes counsel has provided his time sheet with an entry for 1.5 hours of "Estimated time spent on client communications that were not recorded. The Court has no basis to determine whether that assertion is reasonable. . . . Accordingly, the Court is unable to rule on the request for attorneys' fees and costs and gives counsel another opportunity to present a properly supported Rule 54 Motion for same. Such Motion must be filed no later than 10/28/2011.

Plaintiff provided the Court with a proposed form of Default Judgment (#25) on October 17, 2011. The next day, Defendant Jeanille Lanier Griggs filed a Motion (Titled: "Reply Affirmation")(#26), which the Court construed liberally in its

3 - OPINION AND ORDER

Case 3:11-cv-00007-BR    Document 46    Filed 04/06/12    Page 4 of 9

Order (#27) issued on October 20, 2011, as a Motion to Set Aside the Entry of Default.  The Court set oral argument on the Motion to Set Aside the Entry of Default, but Defendants did not appear.  At argument on December 20, 2011, the Court denied Defendant's Motion to Set Aside Entry of Default and signed Plaintiff's form of Judgment.

On January 6, 2012, Plaintiff filed his Motion for Attorney Fees, and Defendants did not file any response.

## **STANDARDS**

The FDCPA provides for reasonable attorneys' fees "in the case of any successful action to enforce [] liability" under the statute.  15 U.S.C. § 1692k(a)(3).

Generally the Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees.  *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).  *See also Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993).  The party seeking an award of fees bears the burden to produce evidence to support the number of hours worked and the rates claimed.  *United Steelworkers of Am. v. Retirement Income Plan for Hourly-rated Employees of* Asarco, *Inc.*, 512 F.3d 555, 565 (9th Cir. 2008).  See *also Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  When determining the appropriate number of hours to be included

4 - OPINION AND ORDER

in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court has "considerable discretion" in determining the reasonableness of attorneys' fees. *Webb v. Ada County, Idaho,* 195 F.3d 524, 527 (9th Cir. 1999).

To determine the lodestar amount, the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained;  (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of* U.S., 307 F.3d 997, 1007 n.7 (9th Cir. 2002).  "The Court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002)(quoting *Kessler v. Assocs. Fin. Servs. Co. of Haw.*, 639 F.2d 498, 500 n.1 (9th Cir. 1981)).

5 - OPINION AND ORDER

**DISCUSSION**

Plaintiff seeks an award of $8,635.00 in attorney's fees for 31.3[1] hours expended by Plaintiff's counsel at an hourly rate of $275 in the successful resolution of this matter.

## I.   Reasonable Hourly Rate.

Plaintiff's counsel, Bret Knewtson, seeks an hourly rate of $275.  Knewtson states he has practiced in Oregon since 2003, has represented numerous debtors in FDCPA and other debt-collection matters, and has had significant successful litigation at the state and federal levels.  In addition to his practice experience, Knewtson has taught bankruptcy, debt defense, and unlawful debt-collection seminars for the Washington and Multnomah County Bar Associations, for consumer-law groups, and for the Oregon State Consumer Law Section.  Knewtson has also authored recent changes to the Oregon State Bar Consumer Law Barbooks chapters on the Oregon Unlawful Debt Collections Practices Act and the Fair Credit Billing Act.  Knewtson has served in every official capacity on the Oregon State Bar Consumer Law Executive Committee and serves as the local Chair of

---

[1] Counsel's records show a total of 34.3 hours expended, and counsel states he is "not including three hours spent on the default effort," which should equal 31.3 hours total as opposed to the 31.4 hours counsel seeks after the three hours is removed. The Court has adjusted the total time expended to reflect an accurate redaction of three hours of time expended.

6 - OPINION AND ORDER

the Oregon National Association of Consumer Law Attorneys.

The Court notes the 2007 Economic Survey conducted by the Oregon State Bar reflects the average billing rate for attorneys in Portland, Oregon, in 2007 was $244 per hour, and the average billing rate for an attorney with the same number of years of experience as Knewtson was $239 per hour.  These rates would likely be higher if they accounted for Knewtson's substantial expertise in FDCPA, bankruptcy, and other debt collection matters.  For example, practitioners in the area of bankruptcy law in Portland, Oregon, charge an average of $272 per hour and a median rate of $285.

On this record, the Court concludes, in the exercise of its discretion, an hourly rate of $275 is reasonable in light of Knewtson's experience.

**II.  Reasonable Time Expended.**

Plaintiff's counsel attests he spent 34.3 hours on this matter to obtain a Judgment for the entirety of the damages sought in Plainitff's Complaint.  To support the Motion, Plaintiff's counsel provides his billing entries for the work he performed on this matter.  Plaintiff's counsel points out that he is not seeking to be compensated for three hours of time he spent correcting his initial Motion (#7) for Default Judgment as directed by the Court in its Order (#13) issued on July 15, 2011.  Thus, Plaintiff seeks a total of 31.3 hours of time expended.

7 - OPINION AND ORDER

The Court has reviewed Knewtson's billing records and notes he spent the bulk of his time preparing the Complaint, preparing the Motion for Entry of Default, responding to Defendant Jeanille Lanier Griggs's Motion to Set Aside the Entry of Default, and drafting the proposed judgment.  The Court finds each of these tasks was necessary to secure a judgment in favor of Plaintiff and the amount of time expended was reasonable under the circumstances.

The Court, however, does not find all of the time expended by Plaintiff's counsel to be reasonable.  For example, Knewtson's billing entry for 1.5 hours expended on Thursday September 29, 2011, reflects:  "Estimated time spent on client communications that were not recorded.  Range is between 3 hours estimated max and one hour estimated min time spent conferring with client.  85% likely that at least 1.5 hrs of unrecorded time spent on communications with client."  The Court concludes counsel's entry for "estimated unrecorded" time expended is not a reasonable basis on which the Court may award attorney's fees.  Accordingly, the Court disallows 1.5 hours of time from the total 31.3 hours sought by Plaintiff's counsel.

In reaching the lodestar amount in this matter, the Court has also considered the factors set out in *Fischel*.  The Court notes Plaintiff's counsel is a sole practitioner, and, therefore, the acceptance of the representation of Plaintiff and the

8 - OPINION AND ORDER

performance of the associated work necessarily precluded his performance of other work.  Plaintiff's counsel also notes he was able to secure a Judgment for the full amount of damages sought by Plaintiff despite the lack of appearance by Defendants.  Plaintiff's counsel reiterates and the Court takes into account that he did not include some time necessarily expended.

In light of the foregoing and in the exercise of its discretion, the Court concludes on this record that the lodestar amount of $275 per hour for 29.8 hours of time expended is reasonable.  The Court, therefore, grants Plaintiff's Motion for Attorney Fees and awards $8,195.00 to Plaintiff.

## CONCLUSION

For these reasons, the Court **GRANTS in part** Plaintiff's Motion (#34) and awards attorney's fees to Plaintiff in the amount of **$8,195.00**.

IT IS SO ORDERED.

DATED this 6th day of April, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge